IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00303-CMA-MEH

BAKKEN WASTE, LLC,

    Plaintiff,

v.

GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,
MATTHEW GEE & ASSOCIATES, INC., and
MATTHEW GEE,

    Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Opposed Motion for Sanctions [filed June 11, 2015; docket #38], requesting sanctions against the named corporate Defendant, Great American Insurance Company of New York ("Great American"), for failure to bring to mediation a representative with full authority to negotiate in good faith. Great American filed a timely response on June 30, 2015. The matter is sufficiently briefed, and oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the motion.

## BACKGROUND

This Court held a settlement conference in this case on June 2, 2015. *See* docket #36. Prior to the conference, on May 14, 2015, the Court issued the following minute order:

> Counsel shall have all parties present, including, but not limited to, an adjustor if an insurance company is involved, who shall have full authority to negotiate all terms and demands presented by the case, and full authority to enter into a settlement agreement. "Full authority" means that the person who attends the settlement conference has the complete and unfettered capacity and authority to meet or pay all

> terms or amounts which are demanded or sought by the other side of the case without consulting with some other person, committee or agency. If any person has limits upon the extent or amount within which he or she is authorized to settle on behalf of a party, that person does not have "full authority." **This requirement is not fulfilled by the presence of counsel or an insurance adjustor alone**.
>
> In exceptional circumstances only, the appearance of an insurance representative by telephone may be approved in advance of the conference. Any party seeking such relief should file the appropriate motion with the Court.
>
> No person is ever required to settle a case on any particular terms or amounts. However, if any person attends the settlement conference without full authority, or if a party or insurance representative fails to attend the settlement conference without prior Court approval, and the case fails to settle, that party may be ordered to pay the attorney's fees and costs for the other side. Furthermore, if, prior to the conference, one or both parties believe that the matter may not be ripe for negotiations, the parties may contact Chambers to reschedule the conference to a more appropriate time.

Docket #33 (emphasis in original).

Plaintiff argues that Great American, in bad faith and in violation of the Court's order, sent a representative who identified himself as a "warm body" and had "very limited authority to negotiate." Plaintiff's Motion for Sanctions, docket #38 at 10. The case did not settle, and Plaintiff now seeks attorneys' fees for its work involving the settlement conference – a total of $5,460.00. *Id.*, docket #38-4 at 1-3.

Great American asserts that imposing sanctions is an extreme remedy, and that it participated in the settlement conference in good faith. Defendant's Response to Plaintiff's Motion for Sanctions*,* docket #41 at 1-6. Great American argues that it "sent a representative with authority to negotiate and potentially settle the claim." *Id.* at 2. Great American continues:

> If information came to light during the course of the mediation that potentially justified a change in Great American's prior assessment of the value of Bakken's claims, a reevaluation of the proper amount of any offer could take place. And, in fact, this is precisely what happened during the mediation. Great American did ultimately increase its settlement offer after consideration of the evidence and

2

>arguments about which it had never previously been advised. Bakken's conclusion that Great American did not participate in good faith is based on miscommunication during the mediation regarding the amount of settlement authority to resolve any *theoretical claim* in *any amount* and the amount at which Great American evaluated the claim based on all of the information prior to the mediation. Counsel for Great American repeatedly attempted to clarify this apparent miscommunication. In short, Great American did participate in good faith.

*Id*. at 2 (emphasis in original). Great American then cites to a Colorado Supreme Court case to note that a "settlement conference judge should not impose sanctions because, in his opinion, the settlement amount is insufficient."[1] *Id*. at 3. Additionally, Great American argues that it should not be sanctioned because "at no time during the mediation did Great American ever receive an actual demand in any amount from Bakken," therefore, "Great American can only assume that Bakken never actually made a demand." *Id*. Great American again continues:

>In short, Great American's representative had settlement authority at mediation, made two good faith offers based on its evaluation of the merits of the claim and its policy defenses and never received a single demand or counteroffer from Bakken. Failing to make a demand or a counteroffer during the course of mediation cannot reasonably be characterized as good faith participation and Bakker should not now be rewarded for its own obstreperous mediation conduct.

*Id*. at 4. Finally, Great American notes that a third party participated in the settlement conference, thus "Bakken would have necessarily incurred attorneys' fees regardless of whether Great American participated in the mediation or not." *Id*. As a footnote, Great American also challenges the reasonableness of the fees sought by Bakken, noting Bakken's settlement statement was only six pages long and only partially related to Great American. *Id*.

---

[1] I note that the case cited (*Halaby, McCrea & Cross v. Hoffman*, 831 P.2d 902, 908 (Colo. 1992)), when reviewed in its entirety, provides an example of a party attending a settlement conference after having made clear to the court that it had limited settlement authority – clearly not applicable to the current dispute before the Court.

## ANALYSIS

The Federal Rules of Civil Procedure authorize the court to impose sanctions on a party or party's attorney who fails to obey a scheduling or pretrial order. Fed. R. Civ. P. 16(f). Specifically, Rule 16(f) reads, in relevant part:

> If a party or a party's attorney fails to obey a scheduling or pretrial order ... or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just ... In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

*Id.* The Tenth Circuit has held that its review of such sanctions is governed by the abuse of discretion standard in the totality of the circumstances. *Pendleton Ins., Anguilla v. Shah*, 42 F.3d 1406 (10th Cir. 1994).

The Tenth Circuit has further held that when "a court imposes sanctions ... it must sufficiently express the basis for the sanctions imposed to identify the excess costs reasonably incurred by the party to whom they will be due." *Braley v. Campbell*, 832 F.2d 1504, 1513 (10th Cir. 1987) (en banc). Following *Braley,* to impose sanctions, a court must make specific findings sufficient to: (1) identify the excess costs providing a basis for the sanctions; (2) identify the conduct leading to the sanctions in order to provide notice and to allow a meaningful response from the sanctioned attorney; and (3) identify for the reviewing court the reason for the sanction. *Sally Beauty Co. v. Beautyco, Inc.*, 372 F.3d 1186, 1190 (10th Cir. 2004).

I have conducted over 1000 settlement conferences as a United States Magistrate Judge over the past nine and one-half years. In only one other instance have I ordered a sanction arising out of settlement conference conduct. I do not enjoy sanctioning anyone and do so only when I believe

justice demands it. Great American's conduct in this circumstance was the worst example I have seen of neglectful and irresponsible mediation attitude and demonstrates precisely why I (and other Magistrate Judges in this district) issue the order quoted above. Great American's violations of the Court's order are at least threefold.

First, not until I walked into the room with Great American did I know that it brought no insurance adjuster with knowledge of the claim. Great American simply grabbed a local employee to serve as a "warm body," by that person's own admission. Second, not once during the entire day did Great American's counsel offer to have me speak with the real adjuster, who apparently was available by phone. On one or two occasions when I walked into Great American's room, counsel was on the telephone with this person but hung up upon my entrance. Third, Great American's counsel informed me of her specific authority, which I will not reveal because of the nature of the settlement proceedings, but which was in the nuisance value range, as any attorney who practices before this Court would readily acknowledge if they knew the facts. In neither Great American's Confidential Mediation Statement to me, nor its Settlement Conference Statement to the Plaintiff, did Great American indicate that it would not pay more than nuisance value. Its only statement was that it would "participate in the mediation in good faith." My order unambiguously (and repeatedly, in emphasis) requires that at least *some person* attend the conference (absent leave to attend by phone granted in advance) with full authority to settle at the amount demanded by the Plaintiff.

While I believe that Plaintiff's claim not only is *not* a nuisance value claim but is, on its face, a serious allegation of failure by an insurance company to properly evaluate and pay a valid claim, my disagreement with Great American's conduct is not based on where the parties ended up monetarily (and this settlement would only involve a monetary payment), but with Great American's

disregard of the clear directions in my order. No one in this district is required to engage in a settlement conference. Parties can settle or not, it is entirely a voluntary process. Here, the parties requested a settlement conference by stipulated motion. They submitted themselves voluntarily to the Court's procedural order regarding the manner in which a settlement conference would be conducted. Great American filed no objection to that order, nor did it seek clarification. The Plaintiff and the other two Defendants followed that order and, indeed, brought persons with full authority who resolved their respective case on June 2, 2015, during the conference. Great American violated that order. Its violation resulted in the Court and the other parties spending hours in a judicial proceeding that could have been avoided.

This case is a perfect example of why full authority needs to be present at the conference. Sometimes, as in this case, information is revealed during the conference that may change the entire complexion of the case, and the perceived risk by the defendant. Specifically, during the conference the Plaintiff investigated and tracked down a person with relevant information that directly impacts, potentially in Plaintiff's favor, the crucial issue in this case (was a holding tank being constructed, or was it already finished and operating, at the time of its failure?). An effective mediator draws this type of information out during a mediation, thereby necessitating real time consideration and analysis by true decisionmakers. The parties certainly do not need a mediator, let alone a United States Magistrate Judge, when all they intend to do is show up and submit a predetermined number from which they do not mean to deviate regardless of what happens.[2]

---

[2] I find one particular argument by Great American specious. It contends that the Plaintiff never made a demand during the settlement conference. During the conference I made clear to Great American what it would reasonably take to settle the case. This is how I conduct settlement conferences. I have found it to be a successful method in well over 90% of the settlement conferences I have conducted. At no point during the settlement conference did Great American

The bottom line is that Great American and its counsel did not take this process seriously, and that is a basis for a sanction. The fees sought by the Plaintiff are reasonable (and, incidentally, constitute what the parties likely would have paid a private mediator for this type of case).

## CONCLUSION

Accordingly, based upon the foregoing, and the entire record herein, it is hereby ORDERED that Plaintiff's Opposed Motion for Sanctions Against Defendant Great American Insurance Company of New York [filed June 11, 2015; docket #38] is **granted.** The Court ORDERS Defendant Great American and its counsel to pay the Plaintiff $5,460.00.

Dated at Denver, Colorado this 30th day of June, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

even imply that it would make an offer meriting a thoughtful response.