IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00303-CMA-MEH

BAKKEN WASTE, LLC,

      Plaintiff,

v.

GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,
MATTHEW GEE & ASSOCIATES, INC., and
MATTHEW GEE,

      Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Plaintiff's Opposed Motion for Leave to Amend Complaint [filed June 8, 2015; docket #37]. The motion is sufficiently briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court **grants** the Motion.

## BACKGROUND

      Defendant removed this case to U.S. District Court for the District of Colorado from Denver County District Court on February 12, 2015. Docket #1. Plaintiff's Complaint asserts a claim against its insurer, Defendant Great American Insurance Company of New York ("Great American"), seeking indemnity for property damage to a wastewater treatment tank that it asserts should have been covered under a building and personal property insurance policy. Complaint, docket #5 at 4. Plaintiff also brings claims against the Matthew Gee & Associates Insurance Agency, Inc. ("MGIA") and its principal, Matthew Gee ("Gee") for negligence and breaches of warranty related to the sale of the Great American insurance policy to Plaintiff. *Id*. Great American

answered the Complaint on February 18, 2015 (*see* docket #12); Gee answered the Complaint on March 13, 2015 (*see* docket #26).  A Scheduling Order set a May 1, 2015 deadline for amendment of pleadings.  Docket #28.

The Court held a Settlement Conference in the case on June 2, 2015.  *See* docket #36.  At the Conference, Plaintiff learned of additional facts and at least one, and potentially other, witnesses supporting what it asserts are additional claims against Great American.  Motion to Amend Complaint, docket #37 at 2.  Plaintiff thus now moves the Court for leave to amend its Complaint "in order to correct and clarify certain factual allegations, add additional factual allegations, and to add claims against Great American for violation of C.R.S. §§ 10-3-1115 and 10-3-1116 and bad faith breach of insurance contract." *Id*. at 1-2.  Plaintiff asserts that its proposed Amended Complaint will "clarify the issues to be tried, will not burden the Court, and is not prejudicial to Great American." *Id*.

Great American opposes the Motion because the deadline "is long past" and asserts that Plaintiff misleads the Court and acts in bad faith in feigning ignorance about the additional fact witness, "someone that Bakken was aware of all along."  Defendant Great American's Response, docket #40 at 1.

## ANALYSIS

Because Plaintiff filed his motion after the deadline for amendment of pleadings, granting Plaintiff's motion pursuant to Rule 15(a) would require a modification of the Scheduling Order. Thus, the Court employs a two-step analysis.  First, the Court evaluates whether Plaintiff demonstrates good cause allowing modification of the Scheduling Order.  Second, if Plaintiff shows good cause, he must also meet the requirements of Fed. R. Civ. P. 15(a).

**I.      Good Cause for Modification under Rule 16(b)**

A scheduling order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b).  The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines.  *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).  "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court."  *Id.*  In order to show good cause, Plaintiff "must provide an adequate explanation for any delay" in meeting the scheduling order's deadline.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

Notably, rigid adherence to the scheduling order is not advisable.  *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990).  A failure to seek amendment within the deadline may be excused if due to oversight, inadvertence or excusable neglect.  *Id.*  Additionally, learning information underlying the amendment through discovery that occurs after the deadline set forth in the scheduling order constitutes good cause to justify an extension of that deadline.  *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

The Court finds that Plaintiff has demonstrated good cause to modify the Scheduling Order in this case.  First, Plaintiff contends that certain information he seeks to add to his Complaint was learned through the settlement process.  Motion to Amend Complaint, docket #37 at 2.  I know this to be true.  Second, there is no indication that Plaintiff has been less than diligent in his pursuit of discovery in this case.  Therefore, the Court finds that a request to act on information first learned through settlement efforts in this case demonstrates good cause to modify the deadline for amendment of pleadings.  Thus, the deadline for amendment of pleadings in this case is extended

to June 8, 2015, the date on which Plaintiff filed the present motion. *See* docket #37-1.

## II.     Undue Delay and Prejudice under Rule 15

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave

to amend. *See Duncan v. Manager, Dep't of Safety,* 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes*

*v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001).  The important inquiry is not simply whether

Plaintiff has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206.  Delay is undue

"when the party filing the motion has no adequate explanation for the delay," *Frank v. U.S. West,*

*Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993), or when "the party seeking amendment knows or should

have known of the facts upon which the proposed amendment is based but fails to include them in

the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185

(10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th

Cir. 1984)).

According to Rule 15, once a 21-day period after a responsive pleading to the complaint is

filed lapses, a party may amend its pleading only by leave of the court or by written consent of the

adverse party. Fed. R. Civ. P. 15(a).  The grant or denial of leave is committed to the discretion of

the court. *See Duncan*, 397 F.3d at 1315.  The court must heed Rule 15's mandate that the "court

should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v.*

*Davis*, 371 U.S. 178, 182 (1962); *Duncan*, 397 F.3d at 1315.  "If the underlying facts or

circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded

an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182.  Leave to amend should be

refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or

dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

amendment." *Duncan*, 397 F.3d at 1315; *see also Foman*, 371 U.S. at 182.

In the Tenth Circuit, the "most important ... factor in deciding a motion to amend the pleadings ... is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207. "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.* (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* (citations omitted). "As a general rule, a plaintiff should not be prevented from pursuing a valid claim ... 'provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.'" *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991).

Here, the Court does not believe that allowing Plaintiff to amend its Complaint in the manner requested would cause undue delay or unduly prejudice Defendants at this stage in the litigation. Discovery was barely more than two months old at the time of the settlement conference in this case. The discovery period does not end for another seven months. In no respect has there been undue or prejudicial delay here.

## CONCLUSION

Accordingly, for the reasons stated above and based on the entire record herein, the Court **grants** Plaintiff's Opposed Motion for Leave to Amend Complaint [filed June 8, 2015; docket #37].

Dated at Denver, Colorado, this 30th day of June, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge